| | |
|---|---|
| 1 | DAVID H. KRAMER, SBN 168452 |
| | DYLAN J. BYRD, SBN 328029 |
| 2 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 3 | 650 Page Mill Road |
| | Palo Alto, CA 94304-1050 |
| 4 | Telephone: (650) 493-9300 |
| | Facsimile:  (650) 565-5100 |
| 5 | Email:      dkramer@wsgr.com |
| |              dbyrd@wsgr.com |
| 6 | |
| | Attorneys for Defendants |
| 7 | GOOGLE LLC, LARRY PAGE, |
| | SUSAN WOJCICKI |

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LISA DOUGLASS, and others so situated, | ) ) ) | Case No.: 20-CV-6448-GW-JEMx |
| Plaintiff, | ) ) | **DEFENDANTS GOOGLE LLC'S, LARRY PAGE'S, AND SUSAN WOJCICKI'S NOTICE OF JOINDER IN DEFENDANTS NBCUNIVERSAL MEDIA, LLC'S AND NETFLIX, INC.'S MOTION TO DISMISS COMPLAINT** |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) ) ) ) ) | Hearing Date: September 24, 2020
Judge: Honorable George H. Wu
Place: Courtroom 9D
Time: 8:30 AM |

1  PLEASE TAKE NOTICE that Defendants Google LLC, Larry Page, and
2  Susan Wojcicki (collectively the "Google Defendants") join in Defendants
3  NBCUniversal Media, LLC's and Netflix, Inc.'s Motion to Dismiss Complaint
4  pursuant to Fed. R. Civ. Proc. Rules 8 and 12(b)(6) (Docket Entry No. 40), set for
5  hearing on September 24, 2020, at 8:30 AM in Courtroom 9D of the above-entitled
6  Court, located at 350 W. First Street, Los Angeles, CA 90012.

# MOTION

The Google Defendants join the Motion to Dismiss filed by NBCUniversal Media LLC and Netflix, Inc. (Dkt. No. 40) (the "Motion") in the interest of minimizing the number of separate motions directed to the same issues in this case. The Motion's justifications for dismissal under Rules 8 and 12(b)(6) apply equally to the Google Defendants.

To the extent Plaintiff Lisa Douglass ("Douglass") has made any specific allegations against the Google Defendants in her Complaint, those allegations are essentially indecipherable as pleaded, and "patently insubstantial," warranting dismissal under Rule 8. *See Yi Tai Shao v. Roberts*, No. 19-5014, 2019 U.S. App. LEXIS 33895, at *5 (D.C. Cir. Nov. 13, 2019) (dismissing under Rule 8 a similarly prolix *pro se* complaint against over one hundred unrelated defendants, including Google, as "patently insubstantial"). The Complaint fails to give the Google Defendants sufficient notice of the charges against them. *McHenry v. Renne*, 84 F.3d 1172, 1179-1180 (9th Cir.1996); *see Flores v. EMC Mortg. Co.*, 997 F.Supp.2d 1088, 1102 (E.D. Cal. 2014).

As for the substance, as best the Google Defendants are able to discern, there is no cause of action here against them. Douglass spatters over seventy causes of action in the Complaint but does not plead facts establishing the elements of a single one as against Google LLC, let alone facts explaining why company officials, Mr. Page and Ms. Wojcicki should be held liable in their individual capacities. To survive dismissal, Rule 12(b)(6) demands much more. *Locano Investments, LLC v. Balash*, 765 F.3d 1068, 1071-72 (9th Cir. 2014) (dismissing

claim under Rule 12(b) where plaintiff failed to plead facts to support each element of its cause of action).

For these reasons, and for all of the other reasons stated in Defendants NBCUniversal Media, LLC's and Netflix, Inc.'s Motion, the Google Defendants respectfully join in that Motion, and move this Court to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rules 8 and 12(b)(6).

Dated: September 4, 2020

WILSON SONSINI GOODRICH & ROSATI, P.C.

By: */s/ David H. Kramer*
     David H. Kramer

DAVID H. KRAMER, SBN 168452
DYLAN J. BYRD, SBN 328029
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:   dkramer@wsgr.com
             dbyrd@wsgr.com

*Attorneys for Defendants*
GOOGLE LLC, LARRY PAGE, SUSAN WOJCICKI

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. As such, this document was served on all counsel who are deemed to have consented to electronic service.

                                                    */s/ David H. Kramer*